UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE SECRETARY OF THE U.S. DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT, an agency of
the UNITED STATES OF AMERICA,

                                    Plaintiff,

            - against -

                                                                        **OPINION & ORDER**

SHERMAN A. FRAY, a/k/a SHERMAN S.A. FRAY, as                              No. 24-CV-4588 (CS)
Administrator C.T.A. of the Estate of Stanley Fray, a/k/a
Stanley A. Fray, deceased; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; "JOHN
DOE #1-5" and "JANE DOE #1-5," said names being
fictitious, it being the intention of plaintiff to designate any
and all occupants, tenants, or persons or corporations, if any,
having or claiming an interest in or lien upon the premises
being foreclosed herein,

                                    Defendants.

------------------------------------------------------------------------x

Appearances:

John Manfredi
Manfredi Law Group PLLC
New York, New York
*Counsel for Plaintiff*

Sherman A. Fray
Mount Laurel, New Jersey
*Pro Se Defendant*

Seibel, J.

        Before the Court is Plaintiff's unopposed motion for summary judgment.  (ECF No. 22.)

For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

I.    **BACKGROUND**

The following facts are based on Plaintiff's Local Civil Rule ("LR") 56.1 Statement (ECF No. 22-2 ("P's 56.1 Stmt.")), and supporting materials, and are undisputed unless otherwise noted.[1]

A.    **Facts**

On or about April 13, 2009, Stanley Fray, a/k/a Stanley A. Fray, and Alvera Fray (the "Borrowers") executed and delivered to Wells Fargo Bank, N.A. an adjustable-rate note (the "Note") and a mortgage (the "Mortgage") in the amount of $938,250.  (P's 56.1 Stmt. ¶ 4.)  The Mortgage was recorded in the Westchester County Clerk's Office on May 7, 2009 as Control No. 491240082.  (*Id.*)  The mortgaged premises is 29 Woodland Place, White Plains, NY 10606 (the "Property").  (ECF No. 22-3 ("Anderson Decl.") ¶ 15.)  Also on April 13, 2009, the Borrowers executed and delivered a second note and collateral mortgage to the Secretary of Housing and Urban Development ("HUD"), which was recorded on May 7, 2009 in the Westchester County Clerk's Office as Control No. 491240092.  (P's 56.1 Stmt. ¶ 5.)

On September 12, 2017, Wells Fargo Bank assigned the Mortgage to Nationstar Mortgage LLC, d/b/a Champion Mortgage Company ("Champion"), which assignment was recorded on September 18, 2017 in the Westchester County Clerk's Office as Control No.

---

[1] As noted below, Defendant Sherman A. Fray did not oppose the motion, and therefore did not file a responsive 56.1 Statement.  Local Civil Rule 56.1 provides that a party opposing a motion for summary judgment must submit a counterstatement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial.  LR 56.1(b).  Under the Local Rule, "[i]f the opposing party . . . fails to controvert a fact . . . set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."  *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (citing LR 56.1(c)).  *Pro se* litigants are not excused from this requirement.  *SEC v. Tecumseh Holdings Corp.*, 765 F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011).  As Plaintiff served Fray with the requisite notice pursuant to LR 56.2, (*see* ECF No. 27), and Fray has chosen not to submit any opposition to the motion, (*see* ECF No. 28), I consider any properly supported facts in Plaintiff's 56.1 Statement admitted.

572583548.  (*Id.* ¶ 6.)  Champion then assigned the Mortgage to HUD on August 10, 2018, and recorded the assignment on August 13 in the Westchester County Clerk's Office as Control No. 582253095.  (*Id.* ¶ 7.)

Alvera Fray died on April 23, 2019, and Stanley Fray died on September 6, 2019.  (*Id.* ¶¶ 1-2.)  On March 3, 2022, an amended probate petition for letters of administration C.T.A. was filed in the Westchester County Surrogate's Court, and Letters of Administration C.T.A. were issued to Sherman A. Fray, the son of Alvera and Stanley Fray, on June 2, 2022.  (*Id.* ¶ 3.)[2]

Pursuant to ¶ 7(A) of the Note, Plaintiff may require immediate payment in full of principal and accrued interest upon the event of death of the borrower if the mortgaged premises is not the principal residence of a surviving borrower.  (Anderson Decl. ¶ 24; ECF No. 22 ("P's MSJ") Ex. B ¶ 7(A).)  Plaintiff asserts that there are no surviving borrowers occupying the mortgaged premises, (Anderson Decl. ¶ 26), nor could there be, as the only borrowers were Alvera and Stanley Fray, (P's MSJ Ex. B at 3).  Following their deaths, Plaintiff elected to declare the entire sum under the Note due and payable.  (Anderson Decl. ¶ 28.)

Plaintiff notes that it is not seeking a deficiency judgment or attorney's fees in this action. (ECF No. 22-4 ("P's Mem.") ¶¶ 44-45.)  Rather, Plaintiff seeks only a judgment of foreclosure and sale.  (*See* P's Mem. ¶ 43; *see generally* ECF No. 22-7 ("Proposed Order").)  With respect to the sale, Plaintiff determined that the mortgaged premises should be sold as one parcel. (Anderson Decl. ¶ 41.)  Additionally, Plaintiff asserts that as of November 4, 2024, $927,621.56 was due to HUD under the Note, broken down as follows:  (1) $523,763.09 in principal, (2)

---

[2] "C.T.A." stands for *cum testamento annexo* – Latin for "with the will annexed."  An administrator C.T.A. is appointed when a will does not name an executor or any named executors cannot or will not serve.  *See In re Will of Steel*, 556 N.Y.S.2d 557, 558-59 (App. Div. 1st Dep't 1990); *In re Fust's Will*, 249 N.Y.S.2d 583, 584 (Sur. Ct. 1964).

$346,749.04 in accrued interest, (3) $5,640 in service charges, and (4) $51,469.43 in mortgage insurance premiums.  (P's 56.1 Stmt. ¶ 9.)

### B.    Procedural History

On June 17, 2024, Plaintiff filed its Complaint.  (ECF No. 1 ("Compl.").)  Plaintiff served the New York State Department of Taxation and Finance ("NYSDTF") on July 1, 2024, (ECF No. 5), and served Defendant Fray on July 5, 2024, (ECF No. 6).  Neither Defendant answered or otherwise appeared.  The Clerk entered defaults against NYSDTF and Fray on July 24 and July 29, 2024, respectively.  (*See* ECF Nos. 11, 14.)  The Court then issued an Order to Show Cause as to why a default judgment of foreclosure and sale should not be entered against the Defendants.  (ECF No. 19.)  Fray appeared at the Show Cause hearing on October 1, 2024.  (*See* Minute Entry dated Oct. 1, 2024.)  In light of Fray's appearance, the Court did not sign the Default Judgment at that time.  (*Id.*)  NYSDTF did not appear at the Show Cause hearing and has never appeared in the action.

Following the hearing and an additional conference, (*see* Minute Entry dated Nov. 1, 2024), Plaintiff filed its motion for summary judgment on November 19, 2024, (ECF No. 22). On January 6, 2025, Fray requested an extension of time to respond to the motion, (ECF No. 24), which the Court granted, setting the opposition deadline for February 3, 2025, (ECF No. 23).  On March 4, 2025, having not received any opposition to the motion, the Court ordered the Plaintiff to re-send the motion papers to Fray, along with the notice and attachments required by LR 56.2, and ordered Fray to oppose by April 10, 2025.  (ECF No. 25.)  On April 11, 2025, Fray filed a letter, stating that he had "no choice than to respond with no opposition to the Plaintiff's Motion."  (ECF No. 28.)

4

## II.    <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).[3]  A fact is "material" if it "might affect the outcome of the suit

under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be

counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of

material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence

sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d

Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's]

position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]."  *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than

simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory

allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423,

428 (2d Cir. 2001).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion

by . . . citing to particular parts of materials in the record, including depositions, documents,

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where a declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Pro se litigants must be afforded "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "particularly where motions for summary judgment are concerned," *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014). Additionally, even where, as here, the non-moving party does not oppose the summary judgment motion, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.*

III.   **DISCUSSION**

   A.   **Judgment of Foreclosure & Sale**

      1.   ***Prima Facie* Case**

A plaintiff establishes its right to foreclose a mortgage as a matter of law on summary judgment "through the production of the mortgage, the unpaid note, and evidence of default." *Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, No. 12-CV-3366, 2014 WL 1386609, at *4 (S.D.N.Y. Apr. 8, 2014).[4]  "Once the plaintiff has established its *prima facie* case by presenting the Note, Mortgage and proof of default, the plaintiff mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the defendant mortgagor." *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 195 (S.D.N.Y. 2018).

Plaintiff has provided copies of the Mortgage and Note, along with the written assignments of the instruments from the original mortgagee to Plaintiff.  (P's MSJ Exs. B, D, & E.)  Further, Plaintiff has demonstrated the event of default by showing that, pursuant to the Note, Plaintiff may require immediate payment in full of principal and accrued interest upon the death of the Borrower if the mortgaged premises is not the principal residence of a surviving borrower, and the only two Borrowers, Alvera and Stanley Fray, are deceased.  (*See* Anderson Decl. ¶¶ 24-29; P's MSJ Ex. B.)[5]  Accordingly, Plaintiff has "established a *prima facie* case and is presumptively entitled to foreclosure," and the burden shifts to Defendant to establish any affirmative defenses.  *Freedom Mortg. Corp. v. Heirs*, No. 19-CV-1273, 2020 WL 3639989, at

---

   [4] The Court will send Defendant Fray copies of any unreported cases cited in this decision.

   [5] Although Plaintiff points to Exhibit H as evidence that the Property is vacant, the fact that the Property was vacant in April 2024, (P's MSJ Ex. H), does not show that the Property is still vacant.  Nevertheless, as noted, the only Borrowers are deceased, and thus it is not possible for the Property to be the principal residence of a surviving borrower.  Therefore, the evidence provided by the Plaintiff supports that there was an event of default.

*4 (S.D.N.Y. July 6, 2020).  Defendant Fray has not, however, presented any affirmative

defenses.  Therefore, summary judgment as to Plaintiff's right to foreclose is granted.

## 2.    Appointment of Referee

Plaintiff requests that the Court appoint Michael P. Amodio to conduct the foreclosure

sale for a fee of $750, to be deducted from the proceeds of the sale.  (*See* P's Mem. ¶ 46;

Proposed Order at 2-3.)  New York Real Property Actions & Proceedings Law ("RPAPL")

§ 1321(1) states in relevant part:  "If the defendant fails to answer within the time allowed or the

right of the plaintiff is admitted by the answer, upon motion of the plaintiff, the court shall

ascertain and determine the amount due, or direct a referee to compute the amount due to the

plaintiff . . . ."  N.Y. Real Prop. Acts. Law § 1321(1).  "Despite the language in RPAPL

§ 1321(1), which limits the appointment of a referee to actions where the mortgagee defaults in

the plenary action or where the same admits plaintiff's right to foreclose on the mortgage in an

answer, courts routinely appoint referees pursuant to RPAPL § 1321 in cases where the

mortgagor is awarded the right to foreclose upon a motion for summary judgment."  *U.S. Bank

Nat'l Ass'n v. FCA & V LLC*, Index No. 803227/21E, 2022 WL 4100800, at *4 (N.Y. Sup. Ct.

Sept. 6, 2022); *see Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 65

(N.D.N.Y. 2011) (even where defendants were not in default, defendants had "not produced

sufficient evidence to establish a genuine issue of material fact for trial relating to the Mortgage

foreclosure" and pursuant to Federal Rule of Civil Procedure 53(a) and RPAPL § 1321, court

"appoint[ed] a Referee to ascertain and compute the amount due to plaintiff under the Note and

Mortgage").

RPAPL § 1351(1) states that a Judgment of Sale "shall direct that the mortgaged

premises . . . be sold by or under the direction of the sheriff of the county, or a referee."  N.Y.

Real Prop. Acts. Law § 1351(1). RPAPL § 1611 also states: "When the final order authorizes a mortgage, lease or sale upon the application of a person who is not trustee, the court in such final order must appoint a referee to execute the authorized transaction." *Id.* § 1611. Courts thus "routinely appoint referees to effectuate the sale of foreclosed properties." *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie*, No. 21-CV-3165, 2022 WL 3213048, at *5 (E.D.N.Y. Aug. 9, 2022); *see United States v. Spiegel*, No. 19-CV-5456, 2022 WL 5114462, at *4 (E.D.N.Y. Sept. 30, 2022). Accordingly, the Court appoints Mr. Amodio to conduct the foreclosure sale and finds the requested fee of $750 is reasonable. *See Rhodie*, 2022 WL 3213048, at *5 (approving $750 fee); *Windward Bora, LLC v. Brown*, No. 21-CV-3147, 2022 WL 875100, at *6 (E.D.N.Y. Mar. 24, 2022) (same). The Property is to be sold as one parcel, as requested, and the proceeds from the sale are to be distributed in accordance with the Court's computation as discussed below.

### 3.    Computing Costs Owed

In addition to an adjudication of its right to foreclose on the Property, Plaintiff seeks a computation of the amounts due to it under the Note and Mortgage. (Compl. at 6-7.) Plaintiff asserts that, as of November 4, 2024, $927,621.56 was due to HUD under the Note. (Proposed Order at 1.) That figure represents the sum of: (1) unpaid principal in the amount of $523,763.09, (2) accrued interest in the amount of $346,749.04, (3) service charges in the amount of $5,640, and (4) a mortgage insurance premium in the amount of $51,469.43. (P's 56.1 Stmt. ¶ 9.)

### a.    Referral to the Magistrate Judge

"[I]n an action to foreclose a mortgage, the court shall ascertain and determine the amount due, or direct a referee to compute the amount due to the plaintiff." *Wilmington Tr.,*

*Nat'l Ass'n v. 31 Prince St., LLC*, No. 22-CV-5855, 2025 WL 1160641, at *4 (S.D.N.Y. Mar. 25, 2025), *report and recommendation adopted*, 2025 WL 1148459 (S.D.N.Y. Apr. 18, 2025).  As discussed below, based on the record currently before the Court, the Court cannot ascertain the validity of Plaintiff's calculations as to the damages due.  Although the Court has appointed Mr. Amodio as referee for purposes of conducting the sale, the Court refers the case to Magistrate Judge Judith C. McCarthy to compute the amount due to Plaintiff.  *See Kairos Credit Strategies Operating P'ship, LP v. Friars Nat'l Ass'n*, No. 23-CV-2960, 2024 WL 3313980, at *2 (S.D.N.Y. May 29, 2024) (referring action to magistrate judge and ordering plaintiff to submit to magistrate judge a detailed calculation of all amounts due under loan documents); *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, No. 20-CV-5309, 2023 WL 9603893, at *1 (S.D.N.Y. Dec. 21, 2023) (matter was referred to magistrate judge for report and recommendation as to whether judgment of foreclosure and sale should be issued and amount of judgment); *E. Sav. Bank, FSB v. Strez*, No. 11-CV-2543, 2013 WL 6834806, at *1 (E.D.N.Y. Dec. 20, 2013) (after granting summary judgment in favor of plaintiff in foreclosure action, Court referred matter to magistrate judge to determine amount of judgment to be awarded to plaintiff).  Plaintiff shall submit to Magistrate Judge McCarthy a detailed calculation of all amounts due under the Note, with supporting documentation based on the principles set forth below, so that she may prepare a report and recommendation detailing the amounts due.

        b.      <u>Damages Due on the Note</u>

Plaintiff has the burden to prove the amount due with reasonable certainty.  *See 31 Prince St., LLC*, 2025 WL 1160641, at *4; *Wells Fargo Bank, Nat'l Ass'n v. 5615 N. LLC*, No. 20-CV-2048, 2023 WL 7394340, at *3 (S.D.N.Y. May 4, 2023), *report and recommendation adopted*, 2023 WL 7384632 (S.D.N.Y. Nov. 8, 2023).  "Any determination of damages in an action for

foreclosure and sale should be determined under the terms of the Notes and Mortgages." *5615 N. LLC*, 2023 WL 7394340, at *3.  A court may consider both documentary and oral evidence in computing the amount due.  *See Isaacson v. Karpe*, 445 N.Y.S.2d 37, 38 (App. Div. 3d Dep't 1981).

　　Plaintiff has provided the affidavit of a Chief Counsel, Mikel Anderson, setting forth the amounts due, as determined based on a review of records kept by HUD in the regular course of business.  (*See generally* Anderson Decl.)  Defendant did not object to these calculations.  Although some courts in this Circuit have found that similar affidavits, absent objection, were sufficient to carry Plaintiff's burden of establishing damages, *see Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Adm'r*, No. 22-CV-7925, 2023 WL 7169000, at *4 (E.D.N.Y. Sept. 13, 2023), *report and recommendation adopted*, 2023 WL 7167515 (E.D.N.Y. Oct. 31, 2023); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Robedee*, No. 22-CV-809, 2022 WL 18284844, at *6 (E.D.N.Y. Dec. 5, 2022), *report and recommendation adopted*, 2022 WL 17850116 (E.D.N.Y. Dec. 22, 2022); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. 20-CV-5998, 2021 WL 6424600, at *4 (E.D.N.Y. Dec. 20, 2021), *report and recommendation adopted*, 2022 WL 103678 (E.D.N.Y. Jan. 11, 2022), others require documentation to support such affidavits and ensure there is an adequate basis for the damages sought, *see U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 WL 6902480, at *5 (S.D.N.Y. Nov. 22, 2016); *E. Sav. Bank, FSB v. Beach*, No. 13-CV-341, 2014 WL 923151, at *10 (E.D.N.Y. Mar. 10, 2014).  Other than the Note and Mortgage, Plaintiff has not provided any documentation here.  Plaintiff, has not, for instance, provided the complete payment history of the Borrowers, showing the running principal balance, to prove that the unpaid principal is as stated.  *See Beach*, 2014 WL 923151, at *10 (recommending awarding plaintiff principal in the amount requested where plaintiff

provided the defendants' complete payment history). Thus, the Court cannot determine that $523,763.09 is the amount due in unpaid principal.

Additionally, even if the Court accepted that the amount of unpaid principal was $523,763.09, as Mr. Anderson affirms, the Court cannot verify the accrued interest without further documentation. The Court can calculate interest that has accrued since the default on September 6, 2019, which, based on the information provided, it finds to be approximately $73,836.90.[6] But as Plaintiff is claiming almost five times that amount in accrued interest, it seems that it has information on the subject that the Court does not have. For example, if the Borrowers defaulted earlier than September 6, 2019, and thus Plaintiff is calculating interest that accrued from that date, Plaintiff must inform the Court and provide supporting documentation. Plaintiff also may be seeking to recover the interest that accrued before the default, or perhaps is using a different interest rate than initially provided in the Note. In any event, in the proceedings before Judge McCarthy, Plaintiff must clarify exactly what it is seeking and provide documentation underlying its interest calculation.

Plaintiff also seeks other amounts allowed by the Note and Mortgage, such as $5,640 in service charges and $51,469.43 in mortgage insurance premiums. (*See* Anderson Decl. ¶ 30.) Mr. Anderson has affirmed that the servicing fee is $30 per month. (*Id.* ¶ 32.) Based upon this

---

[6] The Court calculated this amount by multiplying the alleged unpaid principal at the time of default ($523,763.09) by the rate of 2.728% *per annum*, dividing that amount ($14,288.26) by 365 to get the amount of *per diem* interest ($39.15), and multiplying that by the number of days between September 6, 2019 and November 4, 2024 (1,886 days). *See, e.g.*, *Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2021 WL 952428, at *4 (E.D.N.Y. Feb. 15, 2021) (calculating accrued interest using the same formula). According to the Note, however, the initial interest rate of 2.728% could have changed. (*See* P's MSJ Ex. B ¶ 5; *see also* ECF No. 22-14 at 4 (listing *per diem* interest as $196.08).) Plaintiff has not provided documentation that shows that the interest rate was changed, and therefore, the Court used the original interest rate in its calculations.

information, the Court was able to independently calculate the amount due in servicing fees –
$30 multiplied by 188 months between April 2009, when the Note and Mortgage were executed,
and November 2024, when the motion was filed – and confirm that $5,640 would be due,
assuming that the Borrowers did not pay a portion of the servicing fee before they died.  (*Id.* ¶
34.)  Thus, so long as Plaintiff provides documentation showing that no portion of the servicing
fee was paid during the life of the Borrowers, Plaintiff is entitled to the $5,640 in service
charges.  As for the mortgage insurance premium that Plaintiff seeks, the Court is not "satisfied
that the documents submitted . . . sufficiently demonstrate, by competent proof," that the amount
claimed is owed to Plaintiff, *Onewest Bank, N.A. v. Shepherd*, No. 13-CV-1104, 2015 WL
1957284, at *1 (N.D.N.Y. Apr. 29, 2015), and Plaintiff's affidavit does not provide an "adequate
basis" for the amount requested as required, *Gustavia Home, LLC v. Lawrence*, No. 16-CV-
4010, 2017 WL 4404434, at *5 (E.D.N.Y. June 22, 2017); *Onewest Bank, N.A. v. Cole*, No. 14-
CV-3078, 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013
(E.D.N.Y. Jan. 19, 2016), *report and recommendation adopted sub nom. One W. Bank, N.A. v.
Cole*, No. 14-CV-3078, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016).  Because the monthly
mortgage insurance premium is calculated by taking a percentage of the balance, the Court needs
to know what the balance was each month.  (*See* Anderson Decl. ¶ 33.)  This has not been
provided.  Accordingly, if Plaintiff wants to recover the amount requested for the mortgage
insurance premium, it must submit the underlying records to Judge McCarthy.

c.    <u>Costs</u>

Additionally, Plaintiff seeks $902.11 for its costs in this action.  (*See* ECF No. 22-5 ("Bill
of Costs"); Proposed Order at 3.)  Plaintiff submitted a sworn bill of costs that breaks down this
total as follows:  (1) $36.05 for filing the Notice of Pendency, (2) $381.06 for the title search,

and (3) $485.00 for service of process. (Bill of Costs.) Plaintiff may only recover these costs "if the note or mortgage provides as much." *Robedee*, 2022 WL 18284844, at *6. Here, the Note includes a provision that "[i]f Lender has required immediate payment in full . . . the debt enforced through sale of the Property may include costs and expenses . . . associated with enforcement of this Note to the extent not prohibited by Applicable Law." (P's MSJ Ex. B ¶ 7(C).) Additionally, Plaintiff has provided documentation such that the Court can verify the filing fee for the Notice of Pendency, (P's MSJ Ex. I), the fees for the title search, (*id.* Ex. J), and the fee for service of process, (*id.* Ex. K). Thus, the Court grants Plaintiff's application for costs. *See Gustavia Home, LLC*, 2017 WL 4404434, at *6 (finding costs reasonable and recommending costs be awarded where plaintiff adequately documented with receipts the filing fees, title search fees, and service fees it sought to recover).

### d.    Other Expenses

Plaintiff also requests to deduct from the proceeds of the sale other expenses of conducting the sale, including the "cost of advertising," and "taxes, assessments, sewer rents, water rates, and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage." (Proposed Order at 3.) The Court grants this request, as is typical in this Circuit. *See Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, No. 20-CV-5309, 2024 WL 2057238, at *3 (S.D.N.Y. May 6, 2024); *Rhodie*, 2022 WL 3213048, at *5; *Brown*, 2022 WL 875100, at *6; *Bank of Am., N.A. v. PCV ST Owner LP*, No. 10-CV-1178, 2010 WL 11485022, at *3 (S.D.N.Y. June 21, 2010).

Further, Plaintiff seeks pre-judgment interest accruing pursuant to the Note from November 5, 2024 through the date of entry of judgment. (*See* Proposed Order at 3.) Requests for pre-judgment interest are frequently granted in this Circuit. *See Winta Asset Mgmt. LLC*,

2024 WL 2057238, at *3 (awarding pre-judgment interest at rate set forth in loan documents starting February 7, 2023 where plaintiff's motion provided damages calculations from the date of default through February 6, 2023); *Robedee*, 2022 WL 18284844, at *6 (awarding pre-judgment interest beginning April 20, 2022 where plaintiff's motion provided damages calculations from the date of default through April 19, 2022).  Nevertheless, because the Court cannot even confirm the amount of unpaid principal remaining, it cannot confirm Plaintiff's calculation of the *per diem* interest rate, (Compl. ¶ 25; ECF No. 22-14 at 4), as needed to award pre-judgment interest here.  *See, e.g.*, *Brown*, 2022 WL 875100, at *5 & n.6 (awarding *per diem* pre-judgment interest starting from last date for which plaintiff provided calculation of damages until date on which judgment is entered; calculating *per diem* amount by multiplying principal balance by rate of interest provided by the loan terms, and dividing it by 365); *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529, 2015 WL 5562980, at *9 (E.D.N.Y. Aug. 31, 2015) (where plaintiff sought interest that had accrued as of February 1, 2015, court awarded interest as requested plus pre-judgment interest each day thereafter at rate calculated by multiplying unpaid principal by annual interest rate provided in Note and dividing it by 365), *report and recommendation adopted*, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Beach*, 2014 WL 923151, at *10 (awarding $77.95 in interest *per diem* from May 2, 2013, the day after the last date for which plaintiff provided damages calculations, until entry of judgment, based on Court's own calculations using annual interest rate that Note provided would apply until full amount of principal had been paid).  As Plaintiff's submission to Judge McCarthy will include

15

documentation showing the amount of unpaid principal, she will be able to calculate the *per diem* interest rate based on that amount.[7]

Finally, Plaintiff seeks post-judgment interest for the period after the entry of judgment, pursuant to 28 U.S.C. § 1961(b).  (*See* Proposed Order at 3.)  "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017); *Rhodie*, 2022 WL 3213048, at *5; *Robedee*, 2022 WL 18284844, at *6.  Thus, the Court grants Plaintiff's request for post-judgment interest.

### B.    Dismissal of John Does

Plaintiff also requests dismissal of John Does #1-5 and Jane Does #1-5 as Defendants. (P's Mem. ¶¶ 36-37.)  These defendants were originally included as placeholders for those who may "have[] or claim[] any estate or interest in possession upon the premises or any portion thereof."  (*Id.* ¶ 36.)  Plaintiff states it has determined that there are no additional John or Jane Doe defendants.  (*Id.*)  Therefore, John Does #1-5 and Jane Does #1-5 are dismissed.  *See Robedee*, 2022 WL 18284844, at *1 n.1.

### C.    Default Judgment

Plaintiff also seeks a default judgment against Defendant NYSDTF.  (P's Mem. ¶¶ 38-41.)

---

[7] "Although a rate of prejudgment interest of nine percent is prescribed by statute, it is well established that when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment."  *5615 N. LLC*, 2023 WL 7394340, at *4 n.3.  Accordingly, it appears that the rate of interest specified in the Note, which is 2.728%, will apply unless Plaintiff provides documentation showing that a different interest rate should be used for this period under the Note's terms.

Plaintiff served NYSDTF with the Complaint on July 1, 2024, (ECF No. 5), and the Clerk entered NYSDTF's default on July 24, 2024, (ECF No. 11).  Plaintiff then served NYSDTF with the Order to Show Cause on September 13, 2024.  (ECF No. 21.)  NYSDTF has not moved to have the entry of default vacated, responded to the Order to Show Cause, or otherwise appeared in the action.

Presumably Plaintiff sued NYSDTF pursuant to RPAPL § 1311(3), which states that "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" must be a party to a foreclosure action, N.Y. Real Prop. Acts. Law § 1311(3); *see Onewest Bank N.A. v. Louis*, No. 15-CV-597, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (presuming plaintiff sued certain defendants in foreclosure action pursuant to § 1311(3)), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. July 28, 2016), because the only relief Plaintiff appears to seek from NYSDTF is to extinguish their subordinate rights, if any, in the Property, (P's Mem. ¶¶ 40-42; Compl. at 6.); *see Louis*, 2016 WL 3552143, at *12 ("The joinder of all . . . other junior lienholders in a foreclosure action is required to extinguish the rights of redemption of all those who may have a subordinate interest in the property.").

"Courts have found that entry of a default judgment under Fed. R. Civ. P. 55 is appropriate where the complaint alleges nominal liability – *i.e.*, that any judgments the Defaulting Defendant[] may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien."  *Bank of Am., N.A. v. 3301 Atlantic, LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (collecting cases); *see Greystone Bank*, 817 F. Supp. 2d at 65-66 (granting motion for default judgment against NYSDTF where complaint contained well-pleaded allegations that any judgments defaulting defendant may have are

subordinate to plaintiff's, and plaintiff fulfilled procedural prerequisites for default judgment). But to allege nominal liability where "the state or any department, bureau, board, commission, counsel, officer, agency or instrumentality of the state is [a] defendant," the RPAPL requires a plaintiff to allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property." N.Y. Real Prop. Acts. Law § 202(1). "Bare allegations that [a] defendant[] [is a] lienholder[] cannot demonstrate nominal liability, but allegations supported by documentary evidence reflecting the interest or lien will suffice." *CIT Bank, N.A. v. Neris*, No. 18-CV-1511, 2019 WL 6334894, at *3 (S.D.N.Y. Nov. 1, 2019); *see Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Langston*, No. 19-CV-6560, 2023 WL 5035151, at *1 (S.D.N.Y. Aug. 8, 2023); *CIT Bank v. Dambra*, No. 14-CV-3951, 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted sub nom. CIT Bank, N.A. v. Dambra*, No. 14-CV-3951, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).

Plaintiff alleges that NYSDTF is a "possible subordinate lienor by virtue of unpaid New York State Estate Taxes against the Estate of Stanley A. Fray, deceased, if any." (Compl. ¶ 30.) Some courts have found similar allegations sufficient to allege nominal liability, *see Greystone Bank*, 817 F. Supp. 2d at 66 (complaint pleaded nominal liability where plaintiff alleged "[u]pon information and belief, Defendant [NYSDTF], . . . is a potential lien holder on the Property being foreclosed"); *Toscano*, 2021 WL 6424600, at *2-3 (finding complaint contains well-pleaded allegations of nominal liability where NYSDTF was included as possible subordinate lienor by virtue of unpaid New York estate taxes), while others have found such allegations insufficient to meet this heightened pleading standard, *see Langston*, 2023 WL 5035151, at *1-2 (conclusory allegation that New York City department was possible subordinate lienholder was insufficient to meet pleading requirement); *Louis*, 2016 WL 3552143, at *12 (plaintiff did not meet pleading

requirement where it failed to allege nature or amount of lien, or even basis for its belief that lien existed); *see also Robedee*, 2022 WL 18284844, at *5 (plaintiff sufficiently alleged nominal liability where it alleged defendant was possible subordinate lienholder due to Medicaid lien and judgment, and provided detail as to amount of judgment and date it was recorded).

Plaintiff's allegations here are insufficient to plead nominal liability because, although the Complaint sets forth the nature of the potential lien, it has not set forth its basis for its belief that a lien exists or the amount of any alleged lien, and has not presented actual evidence of any lien held by the NYSDTF against the Property. *See Fed. Nat'l Mortg. Ass'n v. 2120 Tiebout LLC*, No. 23-CV-9445, 2025 WL 1503957, at *6 (S.D.N.Y. May 27, 2025) (denying plaintiff's motion for default judgment where plaintiff failed to provide documentary proof of lien and pleaded only unsubstantiated allegations in its amended complaint and declaration of counsel); *U.S. Bank Nat'l Ass'n v. Whittle*, No. 22-CV-5484, 2023 WL 8189938, at *4 & n.4 (E.D.N.Y. Nov. 27, 2023) (finding allegations against NYSDTF insufficient to establish nominal liability where they lacked detailed facts showing particular nature of lien and provided no documentation regarding it); *13410 Lot, LLC v. RNR Mgmt., LLC*, No. 12-CV-1899, 2019 WL 8587296, at *10-11 (E.D.N.Y. Sept. 30, 2019) (recognizing that courts are split as to level of proof required before entering default judgment against nominal defendant, and denying plaintiff's motion for default judgment without prejudice where plaintiff failed to present evidence of, or allege specific facts about, any liens held by taxing authority defendants).

Therefore, entry of default judgment is inappropriate here. Plaintiff may renew its motion for default judgment "upon conducting a lien search or identifying other evidence or authority sufficient to establish Plaintiff is entitled to a default judgment against [NYSDTF]." *13410 Lot, LLC*, 2019 WL 8587296, at *11. If no such evidence is uncovered, Plaintiff may

voluntarily dismiss as to NYSDTF.  Plaintiff shall do one or the other no later than July 21, 2025.

## IV.    <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part. Summary judgment is GRANTED for Plaintiff as to foreclosure, and Plaintiff may present to the Magistrate Judge additional evidence as to the damages due under the Note.  Plaintiff's motion for a default judgment against Defendant New York State Department of Taxation and Finance is DENIED without prejudice to renewal.  The Clerk of Court is respectfully directed to terminate the pending motion.  (ECF No. 22.)

**SO ORDERED.**

Dated:  June 20, 2025
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.