UNITED STATES DISTRICT COURT   CASE NO. 7:24-cv-04588-CS
SOUTHERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

        Plaintiff,

  -against-        JUDGMENT OF FORECLOSURE & SALE

Sherman A. Fray aka Sherman S.A. Fray, as Administrator
C.T.A. of the Estate of Stanley Fray a/k/a Stanley A. Fray,
deceased; New York State Department of Taxation and
Finance; "JOHN DOE  #1-5" and "JANE DOE #1-5", said
names being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises being foreclosed herein,

        Defendants

   On the summons and complaint filed on June 17, 2024, the Affirmation and Memorandum of Law of John Manfredi, attorney for the Plaintiff, the affidavits of service filed with this Court, the certificates of default entered by the Clerk, the Report and Recommendation entered on January 5, 2026, the Court's Memo Endorsement dated February 2, 2026, and upon all of the proceedings had herein, the Court finds that:

   This action was brought to foreclose a mortgage on real property located in Westchester County.

   A notice of pendency containing all the particulars required by law has been duly filed as aforesaid in the Westchester County Clerk's Office on June 18, 2024.

   The mortgaged premises should be sold in one parcel.

   **NOW**, on motion for summary judgment filed by plaintiff The Secretary of the U.S. Department of Housing and Urban Development, an Agency of the United States of America, it is

   **ORDERED AND ADJUDGED** that the Plaintiff's motion for summary judgment pursuant to FRCP 56 is granted, and it is

**ORDERED AND ADJUDGED** that this action is dismissed against defendants "John Doe #1-5" and "Jane Doe #1-5" and the New York State Department of Taxation and Finance, and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment for the sum of $987,822.78, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the complaint and as hereinafter described, shall be sold as provided by New York Real Property Actions and Proceedings Law ("N.Y. RPAPL"), in one parcel, at public auction to be held at on the front steps of the Westchester County Supreme Courthouse at 111 Dr. Martin Luther King Jr Blvd, White Plains, NY 10601 by and under the direction of Michael P. Amodio, Esq. with offices at 2 William Street, Suite 306, White Plains, NY 10601 (ph 914-289-1961) who is hereby appointed Master for that purpose.  That said Master give public notice of the time and place of said sale in accordance with N.Y. RPAPL § 231 by advertising in The Journal News, and it is

**ORDERED AND ADJUDGED,** that the Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master, ten percent of the sum bid, and shall execute a Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED AND ADJUDGED,** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED AND ADJUDGED,** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless otherwise stipulated by all parties. The Master shall transfer title only to the successful bidder at the auction.  Any delay or adjournment of the closing date beyond thirty days may be stipulated among the parties, with Master's consent, up to ninety days from the date of sale, any adjournment beyond ninety days may be set only with the approval of the Court, and it is further

**ORDERED AND ADJUDGED,** that said Master shall deposit the balance of said proceeds of sale in his own name as Master in his attorney client-fund / escrow bank account, and

shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: The sum of $750.00 paid to said Master for Master fee herein.

2nd: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale.

3rd: Pursuant to N.Y. Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

4th: The sum of $902.11 adjudged as aforesaid due to Plaintiff for its costs and disbursements in this action, and the sum of $986, 920.67, the amount adjudged due to the Plaintiff under the note and mortgage, and thereafter post judgment interest accruing pursuant to 28 U.S.C. § 1961(b) after the date of entry of judgment.

Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court, and it is

**ORDERED AND ADJUDGED**, that in case the plaintiff is the purchaser of the mortgaged premises at said sale, the Master shall not require the plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the plaintiff a deed of the mortgaged premises sold upon payment to the Master of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Master, or in lieu of the payment of said last mentioned amounts, upon filing with said Master receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Master upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Master, upon delivery to plaintiff of said Master's deed, the amount of such surplus which shall be applied by

the Master, upon motion made pursuant to N.Y. RPAPL § 1351(3) and proof of satisfactory to the Master of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to N.Y. RPAPL § 1354(3), which payment shall be reported in the Master's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with N.Y. RPAPL § 1354(4) and the Master shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

**ORDERED AND ADJUDGED**, that the Master shall file his Report of Sale under oath with the Clerk of the Court, showing the disposition of the proceeds of the sale, with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her Report of Sale, and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof, and it is

**ORDERED AND ADJUDGED,** that the mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts than an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the N.Y. Real Property Actions and Proceedings Law. Risk of loss shall not pass to purchaser until closing of title, and it is further

**ORDERED AND ADJUDGED,** that in the absence of Master, the Court may designate a Substitute Master forthwith.

The premises affected by this action are situated entirely within the County of Westchester and designated as 29 Woodland Place, White Plains, NY 10606 further described in annexed Schedule "A", together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said mortgage as described in the complaint.

Dated: _____March 10, 2026_____

White Plains, New York.

_____

Honorable Judge Cathy Seibel
U.S. District Court Judge

**WebTitle File No.:  WTA-21-008655**                                      **Client File No.:**

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of White Plains, County of Westchester and State of New York more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of Woodland Place where the same is intersected by the division line of premises herein and lands now or formerly of Eugenia E. Behrens;

RUNNING THENCE along said division line South 34 degrees 39 minutes 00 seconds East 117.93 feet to a point;

THENCE South 71 degrees 06 minutes 56 seconds West 133.75 feet to the easterly side of Walworth Crossing;

THENCE on a curve to the left having a radius of 284.54 feet for a length of 68.38 feet to a point of reverse curve having a radius of 17.41 feet for a length of 27.53 feet to the southerly side of Woodland Place;

THENCE along the southerly side of Woodland Place North 57 degrees 04 minutes 00 seconds East 101.32 feet to the point and place of BEGINNING.


Premises:                29 Woodland Place, White Plains, NY 10606
Tax Parcel ID No.:       Section: 130.33 Block: 4 Lot: 16